Kirkpatrick, O. J.
This is an action of debt upon an arbitration bond. The declaration sets out the condition of the bond, and the award; the principal part of the award is, that Sheppard shall pay to Stites §227, in three months-thereafter, and that, on the receipt thereof, Stites shall *110 deliver to him a certain bond, bearing date February 17, 1821.
The defendant pleads, first, no award made; and secondly, payment of the money awarded after the day set in the award for the payment thereof, viz., June 1, 1821, with notice, that he will give in evidence, in support of the said plea, three certain bills obligatory, made by Stites, and assigned to him before action brought on this bond.
*Upon the trial of the cause, these bills were offered in evidence to the jury, but overruled by the court, and a bill of exception taken, which bill is now before us.
As to the first of these pleas. I incline to think that this award is void for uncertainty.* Stites, upon the receipt of the money, was to deliver to Sheppard a certain bond, bearing date February 17, 1821; but by whom that bond was made, and to whom given, for what penalty, and upon what condition, does not appear. There is no description,. no reference to other facts or transactions, by which it can be ascertained or made known what bond is intended. The date alone cannot be sufficient for that purpose.
As to the second plea, and the matter contained in the bill of exception. These bills obligatoi’y, as they are set forth in the notice accompanying the plea, appear to be drawn in the form of promissory notes, but still are under seal. , They promise to pay, not to the obligee, his heirs and assigns, as is usual in bills obligatory, but to the obligee or his order, and they contain, also, the words without defalcation or discount, as promissory notes do. It would be somewhat difficult to see upon what ground these bills are rejected as evidence by the court below, were it not that we are given to understand, by the arguments of counsel, that it was because they did not contain the word assigns, *111 .and therefore were supposed not to be assignable under the statute, and so not pleadable by Sheppard, in any form, in his own name.
If there were anything in this objection, it would seem that it might bo overcome by the consideration, that the bills do contain the word order * which would be quite as available to render them negotiable as the word assigns, and indeed more so, for it. is the technical term used for that purpose. But the truth is, there is nothing at all in the objection. A bill obligatory, oven though it contain the word assigns, is not assignable at the common *law, in such sense as that the assignee can maintain an action upon it in his own name. In such instrument the word assigns is wholly inoperative for this purpose. And yet it has been ruled, over and over again, before the statute making bills, bonds, &c., assignable, that the assignee of such bill had such equitable interest therein that he might, upon due notice, set it up by way of set-off against a cross demand. Independent of the statute altogether, therefore, those bills were admissible in evidence under this plea and notice. But even if there could be a doubt raised upon that subject at this day, upon the principles of the corn mon law, yet the words of the statute place it beyond controversy. The enactment is, “ that assignments of bills, bonds and other writings obligatory for the payment of money, shall be good and effectual in lawand “ the assignee may maintain an action in his own name thereon thus vesting the legal right in the assignee, and giving him the same interest in it, and the samo remedy upon it, as the assignor had.
It is said, in argument, that promissory notes are made assignable by statute, but yet, that unless they contain the word order, intimating that the maker intended that they should be assignable, that statute does not operate upon *112 them ; and so, by parity of reasoning, that unless the bill contains the word assigns, ■ intimating the same intention, this statute does not operate upon it. But the answer to-this is, that if the word order be necessary at all in a promissory note, to make it assignable, (which, by the bye is, at least, very doubtful,) it is because that statute makes; it so by express words, and not because the nature of the thing requires it. But this statute making bills assignable, says nothing about assigns. Assignments of bills, bonds- and other writings, obligatory for the payment of money,, shall be good, &c. How, unless it can be shewn that the word assigns is necessary to constitute a bill obligatory, and that therefore these are not such bills, they are certainly within the words of the statute, and are made-assignable by it. And if so, the legal right is vested in-the assignee, and he has the same remedies upon them as-the assignor had, and, of course, may set them up by way of set-off.
The judgment, therefore, in my opinion, must be reversedi upon both these grounds.
*Foed, J.
In an action in the Court of Common Pleas-of Cumberland county, upon an arbitration bond and award,. Stites assigned for breach the non-payment of $227, awarded, to be paid by Sheppard, and recovered judgment for the money. Sheppard took a bill of exceptions on the trial, and. now relies on two errors.
1. That the award is void for uncertainty. It directsStites to deliver up “ a certain bond, bearing date February 17, 1821,” but does not explain what bond was intended,, either by naming the parties between whom it existed, or by describing its contents, or by giving any data that might enable one part)*- to know what bond he was to give up, or the other party what bond he was to receive.. Both parties argue that no bond of that date was in difference between them, dr submitted to the arbitrators, nor can. they conceive- *113 -what was intended, unless it be the arbitration bond, which hears the same date. Now this objection for uncertainty seems to he well founded, and fatal to this part of the award. But an award, void in part, may be good for the residue, when the void part is so disconnected from the rest as not to affect the justice of the case. Kyd on Aw. 246, 254-7. Such is manifestly the nature of this bond, whether it be the arbitration bond, or some other that the partios never heard of, and therefore could have had no connection with their dispute; and it ought not to overthrow that part of the award which is valid.
The 2d error assigned is thus : Sheppard pleaded payment of the S?227 awarded against him, and gave notice that he would set off against it three sealed bills, which he held as assignee against Stitcs, who made them. On the trial, he produced and proved the bills and assignments, but was not allowed to set them off against the plaintiff’s demand, because they were not drawn payable to assigns. For this reason the court rejected them, and in this, I think, they mistook the law.
The statute (Pev. Laws 305, see. 2.) enacts, " that assignments of bills, bonds, and other writings obligatory for the payment of money, shall be good and effectual in law,” and that the assignee may maintain an action thereon in his own nime, allowing, &c. This language comprehends all sealed bills of every kind, provided they are for the payment of money, and I am not aware of any decision narrowing the words of the act. The case in 1 Pen. 142, was a bond for delivery of boards, and did not *come within the words of the statute. In the case of Reed v. Bainbridge, (1 South. 357.) Judge Eossell, speaking on the subject of a bond payable to Eeed or his assigns, says, the legislature saw the .absurdity of shackling instruments, assignable on the face of them, by the antiquated rules of the common law, but says nothing about instruments, not assignable on the face of them, such a case not being then before him; hut the good *114 policy of the statute in making all bills assignable, may be inferred from every argument he afterwards uses ; he reprobates a fictitious action in the name of the assignor, while the assignee has all the interest; he considers the old objection about maintenance as being done away by the recognition of the assignee’s equitable right to the money, nay he concludes, that as the reason on which maintenance rested was done away, the legislature wisely determined that the law of maintenance should cease, and they annexed the legal to the ¿equitable right of the assignee. Now the common law doctrine of maintenance forbids assignments of bills payable to assigns as much as those not payable to assigns ; both kinds produced fictitious actions when, assigned and separated, the legal from the equitable interest; the whole reasoning of the court applies to bills not assignable on their face, as fully as to those which are so ; and neither this case, nor any other decision has abridged the meaning of this valuable statute. It is a remedy for many grievances, and merits a very liberal construction; it abolishes the antiquated, useless, and inconvenient practice of suing in the name of the assignor, when he has no interest in the suit; it saves the necessity of suing three actions, as in this case, where one, or a set-off in lieu of one, will suffice the ends of justice; it unites the legal and the equitable interest, and is of the utmost utility and public advantage. It makes all bills for the payment of money assignable, without reference to their unessential phraseology of order, bearer, heirs, executors, administrators, or assigns, and gives a direct, instead of an oblique remedy against the maker, reserving to him every equitable defence. The defendant was entitled, by law, to set off these bills which were overruled below, and for this error I think the judgment ought to be reversed.
Judgment reversed.

 The rule of the civil law corresponds with that of the common law, on this subject, the arbitrators ought to render a certain judgment. “Inutiliter arbitrum inC'.Ttam sententiam dicere, ut puta: Quantum ei debes redde.” Digest of Justinian leg-. 21, p. 3; Dessaule’s Diet, cki Dig. title Arbitrators 18. — Reporter.

 This ip a mistake o f the Chief Justice: the copies of the sealed bills, as contained in the hill of exceptions, do not contain the word ''order;'1 they are payable onlv to the obligee, without mentioning “order or assigns.” But it appears that the result of liis opinion would be the same in either case. — Repobtee.